IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

DANIEL A. LEVY, JR., and
MARYANN LEVY,

       Plaintiffs,

v.                                      Civil Action No. 2:21-CV-15
                                      (JUDGE KLEEH)

ELKINS CHRYSLER, DODGE, JEEP, RAM,

       Defendants.

## REPORT AND RECOMMENDATION
## RECOMMENDING DISMISAL WITHOUT PREDJUDICE

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  District courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Accordingly, the undersigned U.S. Magistrate Judge respectfully submits the following Report and Recommendation to the Honorable District Court Judge Thomas S. Kleeh.

Because this Court lacks subject matter jurisdiction, the undersigned **RECOMMENDS** Plaintiffs' Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** by the District Court.

### I.      PROCEDURAL HISTORY

On June 1, 2021, the *pro se* Plaintiffs Daniel A. Levy, Jr. and Maryann Levy filed a Complaint against Elkins Chrysler, Dodge, Jeep, Ram.[1] [ECF No. 1]. In the Complaint, Plaintiffs

---

[1] Rule 11 of the Federal Rules of Civil Procedure requires that all pleading must be signed by unrepresented parties. Fed. R. Civ. P. 11. The undersigned would note that while it appears that Mr. Levy and Ms. Levy intended to jointly bring this cause of action and two plaintiffs are listed in the Complaint's case caption, only Daniel A. Levy, Jr. signed the Complaint as required. [ECF No. 1].

cite that the basis for jurisdiction in this case is based upon the fact that "Plaintiffs reside in the state of Virginia and the claim is under $75,000." [ECF No. 1 at 1-2].

Plaintiffs proceed to put forth facts in their Complaint which allege, *inter alia*, that Elkins Chrysler Dodge Jeep Ram's Service Department installed the wrong radiator unit as well as removed a wire harness from their Dodge Dakota automobile which resulted in significant damage. [ECF No. 1]. Plaintiffs request relief in the amount of $8,480.00.  [ECF No. 1 at 5].

On June 2, 2021, the civil filing fee was paid, [ECF No. 3], and the Clerk of Court sent to Plaintiff Daniel A. Levy, Jr. a Notice of General Guidelines for Appearing Pro Se in Federal Court, [ECF No. 2].

## II.     LEGAL STANDARD

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir.2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir.2010); accord Hertz, 130 S.Ct. at 1194; McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir.2010).

Although it is well-established that a *pro se* litigant is entitled to a liberal construction of his pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the principles requiring liberal construction of *pro se* pleadings are not without limits. Gordon v. Leeks, 574 F.2d 1147, 1151 (4ᵗʰ Cir. 1978). Liberal construction does not require courts to construct arguments or theories for a

*pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. Id.  Therefore, because the Court cannot act as an advocate for the plaintiff, his claims can only be considered under the legal bases expressly set forth by him in this case. Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. See Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to").

Generally, only two types of cases can be heard in federal court: cases involving diversity of citizenship of the parties and cases involving a federal question. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, reh'g denied, 140 S. Ct. 17 (2019)(citing Exxon Mobil Corp., 125 S.Ct. 2611).

Diversity jurisdiction applies "where the matter in controversy **exceeds the sum or value of $75,000**, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1))(emphasis added). In determining whether there is diversity jurisdiction, a corporation that is a party is considered to be a citizen of both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

Federal question jurisdiction applies when the Plaintiff's civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] suit arises under the law that creates the cause of action." Atl. Richfield Co. v. Christian, 140 S. Ct. 1335, 1350 (2020) (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).

When the Court is without subject matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

### III. ANALYSIS

Here, Plaintiffs allege subject matter jurisdiction on the basis that "Plaintiffs reside in the state of Virginia and the claim is **under** $75,000." [ECF No. 1 at 1-2 (emphasis added)]. Even assuming the Defendant Elkins Chrysler, Dodge, Ram, Jeep is a corporation with its principal place of business in West Virginia for the purposes of diversity jurisdiction, this Court lacks subject matter jurisdiction over this matter because the amount in controversy is admittedly under the $75,000 requirement. The Plaintiffs assert damages in the amount of $8,480.00 and seek no other relief. This Court can only exercise diversity jurisdiction and act as a neutral forum for parties from different states where the amount in controversy exceeds $75,000. Moreover, there is no federal question articulated in the Complaint. Accordingly, the undersigned, having reviewed Plaintiffs' Complaint, finds that there is no subject matter jurisdiction for this Court to hear Plaintiffs' case.

### III.    CONCLUSION

For the above reasons, the undersigned respectfully **RECOMMENDS** that Plaintiffs' Complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel of record and to the *pro se* Plaintiffs by certified mail, return receipt requested.

**Respectfully submitted this June 17, 2021.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE